Bryce C. Loveland, Esq.
Nevada Bar No. 10132
Christopher M. Humes, Esq.
Nevada Bar No. 12782
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135
Email: bcloveland@bhfs.com
Email: chumes@bhfs.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE TEAMSTERS LOCAL 631 SECURITY FUND FOR SOUTHERN NEVADA<br><br>Plaintiff,<br><br>v.<br><br>JAIME CANTORAN, an individual; AMBER ORTEGA, an individual,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT** |

Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1500 and the Court has original jurisdiction pursuant to 29 U.S.C. § 1132(e). Venue is proper pursuant to 29 U.S.C. § 1132(e)(2).

**PARTIES**

2. Plaintiff is the Board of Trustees of the Teamsters Local 631 Security Fund for Southern Nevada (the "Plan") and consists of fiduciaries for purposes of ERISA.

3. Defendant Jaime Cantoran ("Cantoran") is an individual currently residing in Clark County, Nevada.

18600085                                  1

4. On information and belief, Defendant Amber Ortega ("Ortega") is an individual currently residing in Clark County, Nevada.

## FACTUAL BACKGROUND

5. At all relevant times, Cantoran was a Participant in the Fund as a result of contributions made on his behalf to the Plan by employers signatory to collective bargaining agreements with the International Brotherhood of Teamsters Local 631.

6. Cantoran and Ortega were married on March 15, 2010.

7. As of August 2018, Ortega appeared to satisfied the Plan's eligibility requirements as Cantoran's spouse. The Plan commenced payment of health and welfare claims to various providers on behalf of Ortega pursuant to the terms of the Plan.

8. Cantoran and Ortega were divorced on December 11, 2013.

9. The Plan was not notified of Cantoran's and Ortega's divorce until August 2018.

10. During the time period of December 11, 2013, through August 2018, the Plan continued to pay benefits on Ortega's behalf under the belief that Ortega was still married to Cantoran.

11. The Plan's rules state that ex-spouses are not eligible to receive benefits.

12. Pursuant to the terms of the Plan, an eligible person under the Plan, or the associated participant, must notify the Plan if a dependent loses eligibility.

13. If the Plan pays benefits on behalf of a participant's spouse and that spouse later is found to not be eligible for benefits, the spouse is required to promptly reimburse the Plan in full. Pursuant to the Plan's terms, the participant and the ex-spouse are jointly and severally liable for amounts paid by the Plan for an ineligible participant. Moreover, if the Plan is required to initiate legal action to recover erroneously paid benefits, the participant and the ex-spouse are liable for the Plan's attorney's fees and costs.

14. Moreover, the Plan's rules state that if a judgment is obtained, post-judgment interest accrues at the Plan's delinquent employer contribution rate, which is eighteen (18%) percent.

15. The Plan has requested that Cantoran and Ortega repay the Plan for the benefits Ortega wrongfully received, but they have refused to do so.

16. In accepting and refusing to repay the benefits erroneously paid when, in fact, Ortega was not eligible for or entitled to benefits under the terms of the Plan, Cantoran and Ortega violated the terms of the Plan.

17. Ortega continues to wrongfully retain amounts for benefits erroneously paid by the Plan.

## SOLE CAUSE OF ACTION

### (ERISA § 502(a)(3) – Enforcement of Plan Terms)

18. The Plan hereby incorporates the allegations contained in paragraphs 1 to 17 as though fully set forth herein.

19. Under 29 U.S.C. § 1132(a)(3)(B), the Plan is entitled to obtain equitable relief in order to enforce the terms of the plan.

20. In providing health benefits to Ortega, the Plan conferred a benefit on Ortega and Cantoran based upon the Plan's mistaken belief that Ortega was Cantoran's spouse and therefore eligible for health benefits under the terms of the Plan.

21. Ortega accepted and continued to retain the benefit of the health benefits paid as a result of the Cantoran's and Ortega's failure to notify the Plan of their divorce. As stated in the Plan's governing documents, both Cantoran and Ortega are liable for the erroneous payment of benefits due to their failure to notify the Plan that Ortega was no longer eligible for Plan benefits.

22. Given the nature of this benefit, it would be inequitable to allow Ortega and Canotran to accept and retain the health benefits mistakenly paid on Ortega's behalf, which equity requires be returned to the Plan.

///

///

WHEREFORE, Plaintiff prays for relief as follows:

1. Equitable relief in the form of a judgment in favor of the Plan against Cantoran and Ortega, jointly and severally, in the amount of benefits paid by the Plan on behalf of Ortega;

2. For attorney's fees and costs incurred herein;

3. Interest at the employer contribution rate of eighteen percent (18%); and

4. For such other and further equitable relief as the Court deems proper.

Dated: February 13, 2019         BROWNSTEIN HYATT FARBER SCHRECK, LLP

/s/ Bryce C. Loveland
Bryce C. Loveland, Esq., Nevada Bar No. 10132
Christopher M. Humes, Esq., Nevada Bar No. 12782
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone: (702) 382-2101
Facsimile: (702) 382-8135

Attorneys for Plaintiff